UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 2:20-cv-14227-KMM

ROLANDO E. VERA PALOMINO,

      Plaintiff,

v.

AVIATION MANAGEMENT
SALES, LLC, AVIATION MANAGEMENT
& REPAIRS, INC., BRIAN HINKLE and
MILDRED GARAY,

      Defendants,
_____/

## JOINT RENEWED MOTION AND MEMORANDUM OF LAW IN SUPPORT OF REQUEST FOR APPROVAL OF SETTLEMENT

The Parties, in compliance with the Court's Orders (D.E. 6, 23 and 25), hereby submit their Settlement Agreement and respectfully request that the Court approve the settlement reached among them following negotiations undertaken in this litigation during the Settlement Conference held on August 31, 2020 with the Honorable U.S. Magistrate Judge Shaniek M. Maynard. Plaintiff and Defendants respectfully submit the following Motion and incorporated Memorandum of Law regarding the settlement of the above-referenced case involving claims for overtime pay under the Fair Labor Standards Act, 29 U.S.C. § 207(a) ("FLSA").

    A.    <u>The Court is Empowered to Approve the Settlement as Fair and Reasonable.</u>

The Parties respectfully request that the Court consider this settlement as "fair and reasonable." In one of the seminal cases on this issue, the Eleventh Circuit held that there are two ways that FLSA wage and hour related claims can be settled or compromised: The United States Department of Labor's supervision of the settlement or, in private party lawsuits such as this one,

1

the court's approval of the settlement after reviewing it for fairness. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982) (citing 29 U.S.C. § 216 (b) and (c)). The purpose of this process is to determine whether it is a fair and reasonable resolution of a bona fide dispute over FLSA issues. See D.E. 6.

In the context of FLSA cases where there is a dispute over liability or the degree of liability, to be considered "fair and reasonable," the settlement need not reflect recovery of every possible dollar that the Plaintiff would win if the Court were to rule in the Plaintiff's favor with respect to every possible claim. Instead, the settlement need only reflect a reasonable compromise of the Plaintiff's claims.

Settlements in cases in which private counsel is representing private parties are permitted as a compromise of the claims. As the Court in Lynn's Food explained:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id. at 1354.

Indeed, the parties note that courts from other circuits have held that it is not necessary to even have the court review the settlement if it is between private parties and it involves a bona fide dispute concerning the validity of the claims. Martinez v. Bohls Bearing Equip. Co., 361 F. Supp. 2d 608, 631 (W.D. Tex. 2005). In Martinez, Judge Rodriguez thoroughly analyzed the case law regarding the settlement and compromise of FLSA claims. In doing so, he concluded that private

party settlements, even without court approval, are permissible "where there is a bona fide dispute as to the amount of hours worked or compensation due." Id.

The parties cite Martinez simply to note that courts recognize that in FLSA cases there are likely to be reasonable disputes concerning the validity or breadth of the plaintiff's claims and reasonable compromises of these disputes are not only to be expected, but are encouraged to avoid protracted and risky litigation. Recognition of such is what led the parties to in good faith resolve their dispute after negotiations in this case.

      B.      The Settlement is Fair and Reasonable in the Instant Case.

           1.      *Plaintiff received payment for overtime wages allegedly due.*

This case presents a disputed claim for overtime compensation. The parties engaged in preliminary discovery and exchanged documents reflecting time worked by Plaintiff. The records revealed that Plaintiff worked overtime "on the books" but was paid straight time for those hours. Defendants contend that Plaintiff was an independent contractor and therefore not entitled to overtime. Defendants also contend that even if Plaintiff were entitled to overtime, all overtime wages owed were paid and/or prepaid by Defendants by payments for more hours than was worked.

Despite these outstanding issues of fact and law, and as a result of this settlement reached at mediation, Defendants agreed to pay a lump sum of $16,500.00 in settlement of Plaintiff's claims including attorney's fees and costs without any conditions as to its allocation. Plaintiff, in his sole discretion, has determined that the allocation of the lump sum will be $4,500.00 in alleged unpaid overtime and an additional $4,500.00 in alleged liquidated damages (a total of $9,000.00), plus $7,500.00 of attorney's fees and costs. See Exhibit 1, Settlement Agreement.

           2.      *The amount attributed to attorney's fees is reasonable.*

3

This Court should also approve the attorneys' fees and costs provision of the Agreement because the amount attributed to attorney's fees was reasonable under the relevant lodestar factors. The lodestar is calculated using "the number of hours reasonably expended in the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). The most important factor to be considered is the result obtained. Id. at 436. See Pereira v. Phoenix Upholstering & Refinishing, Inc., 2009 WL 4855523 at *2 (M.D. Fla. December 10, 2009) (discussing the importance of the result obtained and approving a request for attorney's fees where plaintiff did not receive a full recovery of alleged damages). In the case at bar, Plaintiff received a recovery that included payment for alleged overtime wages due to Plaintiff and liquidated damages.

Other relevant factors in the lodestar determination include the hourly rate charged by Plaintiff's attorney and the amount of time spent on the matter. Defendants have agreed to pay Plaintiff's attorney $7,500 in attorney's fees and costs. See Exhibit 1. Plaintiff's counsel spent in excess of 30 hours on this matter at an hourly rate of $300 per hour, and incurred costs of approximately $600. Based on the number of hours spent by both counsels on general litigation matters, discovery, the time and payroll records, and settlement of this claim, both Parties agree that the settlement amount of $7,500.00 is fair and reasonable to reimburse Plaintiff's counsel for the attorney's fees and costs incurred. See Exhibit 2.

Accordingly, the parties request that the Court approve the settlement and enter an Order dismissing this case with prejudice.

Respectfully submitted,

| | |
|---|---|
| The Plaintiff, | The Defendants, |
| By his attorney, | By their attorneys, |
| | |
| /s/Todd W. Shulby, Esq. | /s/Andre A. Gibson, Esq. |
| Todd W. Shulby, Esq. | Andre A. Gibson, Chartered |
| Todd W. Shulby, P.A. | 45 N.E. 167th Street |
| 1792 Bell Tower Lane | North Miami Beach, Florida 33162 |
| Weston, Florida 33326 | Telephone: (305) 652-4900 |
| Telephone: (954) 530-2236 | Facsimile: (305) 808-3495 |
| Facsimile: (954) 530-6628 | E-mail: AAGibson@Gibsontaxlaw.com |
| E-mail: tshulby@shulbylaw.com | Florida Bar No.: 0635529 |
| Florida Bar No.: 068635 | Counsel for Defendants |
| Counsel for Plaintiff | |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 8, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Andre A. Gibson, Esq.

I FURTHER CERTIFY that on October 8, 2020, that I mailed the foregoing document and notice of electronic filing by first-class mail to the following non-CM/ECF participants: None.

                                           By:    /s/Todd W. Shulby, Esq.
                                                         For Todd W. Shulby, P.A.